### NATIONAL WHOLESALE GROCERY CO., Inc., v. GARCIA & MAGGINI CO.

(Circuit Court of Appeals, First Circuit. January 18, 1924.)

No. 1691.

Sales ⬡⟶177—Request for cancellation held not repudiation, which terminated contract.

Letters and a telegram from the buyer, requesting and insisting on a "cancellation" of the contract, *held* not an unqualified repudiation, which terminated the contract, but an attempt to secure cancellation by agreement.

In Error to the District Court of the United States for the District of Massachusetts; George F. Morris, Judge.

Action at law by the Garcia & Maggini Company against the National Wholesale Grocery Company, Inc. Judgment for plaintiff, and defendant brings error. Affirmed.

Leo A. Rogers, of Boston, Mass. (Radovsky & Radovsky, of Fall River, Mass., on the brief), for plaintiff in error.

Dunbar F. Carpenter, of Boston, Mass. (Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action for breach of contract for the purchase of a carload of prunes. The contract was made June 3, 1920, and called for shipment by the plaintiff from San Francisco, Cal., to Watuppa, Mass., in October or November, 1920, seller's option. In the District Court there was a verdict for the plaintiff, on which judgment was entered for $5,880.23 damages and $66.93 costs, and the defendant brings this writ of error.

At the trial it was admitted that the parties entered into the contract of June 3, 1920, and that the purchase price for the prunes as fixed by the contract amounted to $7,929.79, f. o. b. Pacific Coast rail shipping point. It was not controverted that the plaintiff was able and willing to perform its part of the contract; that on October 20, it shipped the prunes called for by the contract to the defendant at Watuppa; and that the defendant refused to accept and pay for the same. While the defendant admitted that it had broken the contract, it

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

claimed that it did so before the plaintiff shipped the merchandise by an unqualified refusal on its part to proceed with the contract, and that it could be holden for damages only for the difference between the contract price and the market price of the prunes at the time of the refusal.

The evidence upon the question of refusal on the part of the defendant is contained in the following letters and telegram:

On September 16, 1920, the defendant sent the plaintiff the following letter:

"Fall River, Mass., Sept. 16, 1920.

"Messrs. Garcia & Maggini Co., San Francisco, Cal.—Gentlemen: We are in receipt of letter from Messrs. Barclay, Brown & Bird, of Boston, stating that you forwarded to them letter which you received from us in which request was made that you do not ship us any more goods as we were unable to take care of them.

"We, of course, regret that we are compelled to do this, but since placing the order conditions have changed so in our business that we are absolutely unable to take delivery on this contract and must request you to cancel same.

"If it were possible for us to take these goods in, let us assure you, gentlemen, we would do so, but when we state that we are unable to take delivery, it is a case of our being positively unable to do so.

"However, when we are again in the market for these goods, we will certainly take same up with you, giving you the preference over other handlers.

"We must therefore request that you cancel the order and we can assure you that we will greatly appreciate your doing this for us, for if it were not absolutely necessary we would not ask you to do it.

"Thanking you in advance, we are,

"Yours very truly, National Wholesale Grocery Co., Inc.,
"J. S. R."

On September 21, 1920, the plaintiff telegraphed the defendant as follows:

"San Francisco, Cal., Sept. 21.

"National Wholesale Groc. Co., Fall River, Mass. Your letter Sixteenth, sorry, but must insist your complying with contract prunes, we accepted your order in good faith made purchase of growers thereby covering your sale and others, must take deliveries, and in turn make shipment stop. If in accordance your letter you financially unable to take up draft will you immediately authorize us by wire, endeavor sell your car to best advantage for your account drawing on you for any difference in price, will offer subject your confirmation if desired. Garcia & Maggini."

On October 9, 1920, the defendant wrote the plaintiff as follows:

"Fall River, Mass., Oct. 9, 1920.

"Messrs. Garcia & Maggini, San Francisco, Cal.—Gentlemen: In reply to your letter of the 22d ult., we cannot make use of the prunes and we must insist on cancellation as written you previously.

"Yours truly, National Wholesale Grocery Co., Inc."

The District Court, being of the opinion that the words "cancel" and "cancellation," as they appear in the letters, might not have been used in accordance with their legal meaning, and the defendant claiming that by these words it intended to repudiate the contract, rather than to seek a cancellation of it and a release from damages thereunder, left it to the jury to say what was the meaning intended to be conveyed by these words, as used in the letters, taken in connection with the telegram. The jury found and assessed the damages upon the theory that the

defendant did not intend to repudiate the contract, but to seek cancellation of it and a release from damages.

·The defendant contends that the court erred in permitting the jury to determine what was meant by the language used in the letters and telegram.

If the situation presented was such that it was the duty of the court to construe the correspondence rather than to leave it to the jury to do, we are of the opinion that the construction placed upon it by the jury was right, and, such being the case, the defendant was in no way harmed.

The judgment of the District Court is affirmed, with costs to the defendant in error.